riLED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 1 3 2017 ★

BROOKLYN OFFICE

Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

RUBEN ZAMORANO and VICTOR VIDAL, individually
and on behalf of all others similarly situated,

**COLLECTIVE ACTION
COMPLAINT**

Plaintiffs,

JURY TRIAL
DEMANDED

-against-

LUCAVA, INC. d/b/a GIOVANNI'S BROOKLYN EATS
and GIOVANNI TAFURI, as an individual,

CV 17 - 0128

ROSS, J.

Defendants.

ORENSTEIN, M.J.

-------------------------------------------------------------------------X

Plaintiffs, **RUBEN ZAMORANO and VICTOR VIDAL**, individually and on behalf of all others
similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton &
Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and
belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs, **RUBEN ZAMORANO and VICTOR VIDAL**, through undersigned
   counsel, brings this action against **LUCAVA, INC. D/B/A GIOVANNI'S
   BROOKLYN EATS and GIOVANNI TAFURI, as an individual** (hereinafter
   referred to as "Defendants"), to recover damages for egregious violations of federal
   and state overtime wage laws arising out of Plaintiff's employment at GIOVANNI'S
   BROOKLYN EATS, currently located at 1657 8th Avenue, Brooklyn, New York
   11215.

1

2. Plaintiff RUBEN ZAMORANO was employed by Defendants as a cook, while performing other miscellaneous tasks, at GIOVANNI'S BROOKLYN EATS, currently located at 1657 8th Avenue, Brooklyn, New York 11215.

3. Plaintiff VICTOR VIDAL was employed by Defendants as a salad man, pasta maker, cook, while performing other miscellaneous tasks, at GIOVANNI'S BROOKLYN EATS, currently located at 1657 8th Avenue, Brooklyn, New York 11215.

4. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

9. Plaintiff, RUBEN ZAMORANO, residing at 6506 11th Avenue, Brooklyn, New York 11219, was employed by Defendants at GIOVANNI'S BROOKLYN EATS, currently located at 1657 8th Avenue, Brooklyn, New York 11215 from in or around October 2011 until in or around June 2012 and from in or around May 2013 until in or around January 2016.

10. Plaintiff, VICTOR VIDAL, residing at 6310 4th Avenue, Brooklyn, New York 11220, was employed by Defendants at GIOVANNI'S BROOKLYN EATS, currently located

at 1657 8th Avenue, Brooklyn, New York 11215 from in or around July 2015 until in or around November 2016.

11. Upon information and belief, Defendant, LUCAVA, INC. D/B/A GIOVANNI'S BROOKLYN EATS, is a corporation organized under the laws of New York with a principal executive office at 1657 8th Avenue, Brooklyn, New York 11215.

12. Upon information and belief, Defendant, LUCAVA, INC. D/B/A GIOVANNI'S BROOKLYN EATS, is a corporation authorized to do business under the laws of New York.

13. Upon information and belief, Defendant GIOVANNI TAFURI owns and/or operates LUCAVA, INC. D/B/A GIOVANNI'S BROOKLYN EATS

14. Upon information and belief, Defendant GIOVANNI TAFURI manages LUCAVA, INC. D/B/A GIOVANNI'S BROOKLYN EATS

15. Upon information and belief, Defendant GIOVANNI TAFURI is the Chairman of the Board of LUCAVA, INC. D/B/A GIOVANNI'S BROOKLYN EATS

16. Upon information and belief, Defendant GIOVANNI TAFURI is the Chief Executive Officer of LUCAVA, INC. D/B/A GIOVANNI'S BROOKLYN EATS

17. Upon information and belief, Defendant GIOVANNI TAFURI is an agent of LUCAVA, INC. D/B/A GIOVANNI'S BROOKLYN EATS

18. Upon information and belief, Defendant GIOVANNI TAFURI has power over personnel decisions at LUCAVA, INC. D/B/A GIOVANNI'S BROOKLYN EATS

19. Upon information and belief, Defendant GIOVANNI TAFURI has power over payroll decisions at LUCAVA, INC. D/B/A GIOVANNI'S BROOKLYN EATS

20. Defendant GIOVANNI TAFURI has the power to hire and fire employees at LUCAVA, INC. D/B/A GIOVANNI'S BROOKLYN EATS, establish and pay their wages, set their work schedule, and maintains their employment records.

21. During all relevant times herein, Defendant GIOVANNI TAFURI was Plaintiffs' employer within the meaning of the FLSA and NYLL.

22. Upon information and belief, LUCAVA, INC. D/B/A GIOVANNI'S BROOKLYN EATS is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the

production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## STATEMENT OF FACTS

23. Plaintiff RUBEN ZAMORANO was employed by Defendants at GIOVANNI'S BROOKLYN EATS currently located at 1657 8th Avenue, Brooklyn, New York 11215 from in or around October 2011 until in or around June 2012 and from in or around May 2013 until in or around January 2016.

24. Plaintiff RUBEN ZAMORANO was employed by Defendants as a cook, while performing other miscellaneous tasks, at GIOVANNI'S BROOKLYN EATS, currently located at 1657 8th Avenue, Brooklyn, New York 11215, from in or around October 2011 until in or around June 2012 and from in or around May 2013 until in or around January 2016.

25. Plaintiff RUBEN ZAMORANO worked approximately 61 (sixty-one) hours per week at GIOVANNI'S BROOKLYN EATS from in or around October 2011 until in or around June 2012 and approximately 52 (fifty-two) hours per week from in or around May 2013 until in or around January 2016.

26. Plaintiff RUBEN ZAMORANO was paid by Defendants approximately $700.00 per week from in or around October 2011 until in or around June 2012 and from in or around May 2013 until in or around January 2016.

27. Although Plaintiff RUBEN ZAMORANO worked approximately 61 (sixty-one) hours per week or more per week from in or around October 2011 until in or around June 2012 and approximately 52 (fifty-two) hours per week or more from in or around May 2013 until in or around January 2016, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

28. Plaintiff VICTOR VIDAL was employed by Defendants at GIOVANNI'S BROOKLYN EATS currently located at 1657 8th Avenue, Brooklyn, New York 11215 from in or around July 2015 until in or around November 2016.

29. Plaintiff VICTOR VIDAL was employed by Defendants as a salad man, pasta maker, and cook, while performing other miscellaneous tasks, at GIOVANNI'S BROOKLYN EATS, currently located at 1657 8th Avenue, Brooklyn, New York 11215, from in or around July 2015 until in or around November 2016.

30. Plaintiff VICTOR VIDAL worked approximately 57 (fifty-seven) hours per week at GIOVANNI'S BROOKLYN EATS from in or around July 2015 until in or around November 2016.

31. Plaintiff VICTOR VIDAL was paid by Defendants approximately $550.00 per week from in or around July 2015 until in or around November 2016.

32. Although Plaintiff VICTOR VIDAL worked approximately 57 (fifty-seven) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

33. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

34. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

35. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

37. Collective Class: All persons who are or have been employed by the Defendants as salad men, pasta makers, cooks, kitchen workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing

the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

38. Upon information and belief, Defendants employed between 15 and 20 employees within the past three years subjected to similar payment structures.

39. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

40. Defendants' unlawful conduct has been widespread, repeated, and consistent.

41. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

42. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

43. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

44. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

45. The claims of Plaintiffs are typical of the claims of the putative class.

46. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

47. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

48. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

49. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

50. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

51. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

52. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

53. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

54. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

55. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

56. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

57. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

58. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

59. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

60. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

61. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

62. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

63. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

64. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Forest Hills, New York
This _3_ day of January 2017.

By: _____
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598
*Attorneys for Plaintiffs*